UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| BARON MONTERO JONES, | Civil No. 11-3322 (JNE/AJB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's pro se application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's IFP application be denied, and that this action be summarily dismissed.

Petitioner commenced this action by filing a self-styled pleading entitled "Writ of Audita Querela Pursuant To Fed.R.Civ.P. 60(b)." (Docket No. 1.) Earlier this year, Petitioner filed another pleading in this District that bore the exact same title. See Jones v. State of Minnesota, Civil No. 11-2501 (JNE/AJB). This Court recommended that Petitioner's prior case should be dismissed for lack of subject matter jurisdiction. Petitioner objected to that recommendation, but his objections were overruled, and the case was summarily dismissed.

Petitioner's current pleading may not be completely identical to the pleading in his prior case, but the two pleadings are very nearly identical, and there certainly is no

meaningful distinction between them. Therefore, the Court will recommend that the present action be summarily dismissed for lack of subject matter jurisdiction, based on the same reasoning and authorities that caused the prior case to be dismissed.[1] Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending IFP application be summarily denied.

Finally, the Court notes that Plaintiff has compiled a woeful record of bringing unsustainable actions in this District. It is becoming increasingly evident that Petitioner is incapable of presenting any viable grounds for relief, and it appears to the Court that he has begun to abuse the federal court system. Therefore, the Court recommends that the presiding District Court Judge in this case should seriously consider whether it would be appropriate to restrict Plaintiff's ability to file further actions in this District. This Court believes that Plaintiff should not be allowed to file any more actions in this District, unless he is represented by counsel, or obtains pre-authorization from a judge or magistrate judge. At the very least, Plaintiff should be cautioned that he may become subject to such restrictions if he files even one more unsustainable action in this District.

**RECOMMENDATION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Petitioner's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2),

---

[1] The background of this case, and the reasons why this case must be summarily dismissed, are fully explained in this Court's Report and Recommendation in Petitioner's previous case. It would serve no useful purpose to restate the substance of that Report and Recommendation here. If Plaintiff is uncertain about why this action must be dismissed, he should review the Report and Recommendation in the previous case.

be **DENIED**; and

    2.  This action be summarily **DISMISSED**.

Dated:   November 16, 2011

                                                  s/ Arthur J. Boylan
                                                ARTHUR J. BOYLAN
                                                Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before November 30, 2011.